UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS A. CURTIS,

               Petitioner,

       v.

KENNETH QUINN,

               Respondent.

NO.  CV-07-0315-EFS

**ORDER DENYING
PETITION UNDER 28 U.S.C.
§ 2254 FOR WRIT OF
HABEAS CORPUS BY A
PERSON IN STATE CUSTODY**

    Before the Court is Petitioner Thomas Curtis' First Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the Petition").  (Ct. Rec. 1.)  Mr. Curtis contends that his Washington state Possession of Methamphetamine conviction and sentence, which included a firearm enhancement, is invalid because he did not admit to facts, nor did facts exist, to support this sentencing enhancement. The Government opposes the Petition.  (Ct. Rec. 20.)  After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons given below, the Court denies the Petition.

///

///

ORDER ~ 1

**A.    Background**

Mr. Curtis was charged with, and entered an *Alford*[1] plea to, three counts: Manufacture of Marijuana, Unlawful Possession of a Firearm in the First Degree, and Possession of Methamphetamine with a firearm enhancement. (Ct. Rec. 22 Exs. 2 & 3.)    Due to the firearm enhancement in connection with the Possession of Methamphetamine conviction, Mr. Curtis received a sixty-month sentence. *Id.* at Ex. 1 p. 6.

Mr. Curtis did not file a direct appeal.    Rather, on November 7, 2005, he filed with the Washington Court of Appeals, a Personal Restraint Petition (PRP) (Ct. Rec. 22 Ex. 4), alleging, in pertinent part, that the trial court improperly imposed the firearm enhancement as there was insufficient evidence to support this enhancement.    The Washington Court of Appeals denied his PRP on July 10, 2006.[2]    *Id.* at Ex. 10.

Mr. Curtis then filed a Motion for Discretionary Review with the Washington Supreme Court on August 9, 2006, contending that his guilty plea was invalid because he did not have possession of the firearms. *Id.* at Ex. 11.    The Washington Supreme Court Commissioner denied review.[3]

---

[1]    *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]    The Washington Court of Appeals denied the PRP, finding that Mr. Curtis knowingly, voluntarily, and intelligently entered his plea after being advised of the firearm enhancement and its impact on sentencing.

[3] The Washington Supreme Court Commissioner determined the relief requested by Mr. Curtis - vacatur of his plea to the firearm-enhanced methamphetamine conviction - was not was not an available remedy because the remedy for an involuntary plea, *i.e.* a plea void of a factual basis,

ORDER ~ 2

*Id.* at Ex. 12.  Mr. Curtis' request to modify the Commissioner's denial was also denied.  *Id.* at Exs. 13 & 14.  The Court of Appeals issued its Certificate of Finality on November 13, 2007.  (Ct. Rec. 15.)

Mr. Curtis filed his habeas petition on October 4, 2007.  (Ct. Rec. 1.)  He then amended it on November 9, 2007. (Ct. Rec. 9.)

**B.   Legal Authority and Analysis**

A person in custody pursuant to a state court judgment can request a federal court to determine if his custody is in violation of the United States Constitution pursuant to 28 U.S.C. § 2254.  To be successful, the petitioner must show that the state court decision (1) was contrary to, or involved an unreasonable application of clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *Id.* § 2254(d).  The state court ruling is presumed correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* § 2254(e)(1); *McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994).

The Washington Court of Appeals and the Supreme Court Commissioner focused on Mr. Curtis' plea, analyzing whether it was valid.  Mr. Curtis' arguments, however, appear to be two-fold: (1) whether his Possession of Methamphetamine *Alford* plea is valid because there was no factual development of the nexus between the methamphetamine and the firearm, and

is withdrawal of the entire plea.  (Ct. Rec. 22 Ex. 12 p. 2.)

ORDER ~ 3

1   (2) whether the firearm sentencing enhancement was factually supported.

2   The Court addresses both issues below.

3       1.   Possession of Methamphetamine Conviction

4       A plea must be knowingly and voluntarily made.  *McCarthy v. United*

5   *States*, 394 U.S. 459, 467 (1969).    The record establishes that Mr.

6   Curtis' plea was voluntarily and knowingly made.    The written plea

7   agreement lists the offenses, the associated penalties, and the rights

8   given up by entry of a guilty plea.  (Ct. Rec. 22 Ex. 3, pp. 1 & 2.)  In

9   the plea agreement, Mr. Curtis indicated that his "lawyer had previously

10  read to him . . . the entire [plea] statement above and that . . . [he]

11  understood it in full."  *Id.* at Ex. 3 p. 7.    Consistent with this

12  notation in the plea agreement, Mr. Curtis said at the hearing, "I read

13  it independently and, if I had any questions, I was to ask, and I had no

14  questions."  *Id.* at Ex. 7 p. 5.

15      During the hearing, the judge asked questions about the

16  voluntariness of the plea.  *Id.* at Ex. 7 p. 12.  The judge orally advised

17  Mr. Curtis about the constitutional rights he would give up if he plead

18  guilty and the punishment he would face.  *Id.* at Ex. 7 pp. 6-12.    In

19  particular, the judge advised Mr. Curtis that as a result of the firearm

20  enhancement on the Possession of Methamphetamine charge Mr. Curtis was

21  facing an additional eighteen (18) months, resulting in a sixty-month

22  sentence on that charge, without the benefit of good time credit on the

23  enhancement.  *Id.* at Ex. 7, pp. 8 & 12.

24      Mr. Curtis maintains that in order for his plea to be valid the

25  judge must have developed a factual basis on the record.  The Ninth

26  Circuit has recognized, however, that the federal due process clause does

not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances. *Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985) (finding knowing and intelligent plea valid even though not supported by a factual basis on the record). The Third Circuit reached the same conclusion in *Meyers v. Gillis*, 93 F.3d 1147, 1151 (3d Cir. 1996), stating:

> the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea. Rather, due process requires only that the plea be voluntary and intelligent. Thus, the failure of a state court to elicit the factual basis for the plea on the record before it is entered does not in itself provide an independent ground for habeas corpus relief under 28 U.S.C. § 2254.

*Id.* at 1148. Because Mr. Curtis has not plead the existence of special circumstances, the Court finds that federal law does not require the development of a factual basis to support a guilty plea.

Mr. Curtis relied upon *Fiore v. White*, 531 U.S. 225 (2001), and *Menna v. New York*, 423 U.S. 61 (1975). The Court finds both of these cases inapplicable. The Supreme Court in *Fiore* determined that the due process clause prohibits a state from convicting an individual for conduct that is not prohibited by the statute, as properly interpreted. This is not the issue before the Court; and it was not the issue before the state courts. Rather the issue is whether or not due process required the judge to develop a factual basis for the firearm sentencing enhancement prior to accepting Mr. Curtis' guilty plea. As indicated above, the due process clause does not so require.

In *Menna*, the Supreme Court concluded vacatur of a counseled plea of guilty is required if such conviction violates the Double Jeopardy

1  Clause.   423 U.S. 61, 62.  Mr. Curtis did not raise any double jeopardy

2  issues; therefore, the holding in *Menna* is inapplicable.

3      Accordingly, after a review of the plea agreement and the plea

4  colloquy, the Court finds Mr. Curtis failed to prove by clear and

5  convincing evidence that the state court decision that his plea was

6  knowingly and voluntarily made was contrary to, or involved an

7  unreasonable application of clearly established federal law, or resulted

8  in a decision that was based on an unreasonable determination of the

9  facts in light of the evidence presented in the state court proceedings.

10 *See Rodriguez*, 777 F.2d at 528.  Mr. Curtis' petition is denied in part.

11      2.   <u>Firearm Sentencing Enhancement</u>

12      Mr. Curtis faced a five-year statutory maximum sentence on his

13 Possession of Methamphetamine conviction.  *See* former RCW 69.50.401.  The

14 Supreme Court:

15      reaffirm[ed] [its] holding in *Apprendi*: Any fact (other than
        a prior conviction) which is necessary to support a sentence
16      exceeding the maximum authorized by the facts established by
        a plea of guilty or a jury verdict must be admitted by the
17      defendant or proved to a jury beyond a reasonable doubt.

18 *United States v. Booker*, 543 U.S. 220, 224 (2005).  Mr. Curtis received

19 a sixty-month sentence on the Possession of Methamphetamine conviction

20 even with the firearm enhancement.   Therefore, his sentence did not

21 violate *Apprendi.*

22      Regardless, the Court finds there is a sufficient factual basis on

23 the record to support the Possession of Methamphetamine firearm

24 enhancement.  During the plea colloquy, the prosecutor informed the

25 judge:

26

ORDER ~ 6

> In addition to the Affidavit of Probable Cause, as part of the investigation of the firearms involved in this matter, Detective Keith Kellogg, of the Wenatchee Police Department, went to the jail to speak to the defendant, at the defendant's request, about these firearms. And during, actually, two conversations with the defendant, the defendant admitted – admitted having the firearms and also told Officer Kellogg, at one point, that he had accepted these firearms as collateral in a methamphetamine transaction, in which the person gave him the firearms, he gave the person methamphetamine, and that, later on, the person was going to come back and give him money, and then take back the firearms.

(Ct. Rec. 22 Ex. 7, pp. 15 & 16.) Defendant did not object to this information, and in fact defense counsel stipulated to it. *Id.* at Ex. 7 p. 16. Later, when discussing why the County agreed to recommend delaying the time for Mr. Curtis to report to the Department of Corrections, the prosecutor stated:

> There is one other thing I could add, on the defendant's behalf, and – that I took into consideration, in agreeing to a later report date, and that is with regards to my supplementation, is the factual basis for the plea, earlier, I indicated the defendant, himself actually called Detective Kellogg and asked him to come talk to him at the jail.
> And the evidence that the defendant gave him is really the crux of the evidence, in terms of the firearm enhancement, to show that there was a nexus between the firearm and the methamphetamine. And that's the other thing I was taking into consideration, in agreeing to [allow the Defendant to self report to the Department of Corrections].

*Id.* at Ex. 7 p. 23. Based on the above information, the judge could find there was a sufficient nexus between the firearms possessed by Mr. Curtis and the methamphetamine to justify the firearm enhancement to the Possession of Methamphetamine conviction. *See Washington v. Easterlin*, 159 Wn.2d 203 (2006).

The Court finds Mr. Curtis failed to prove by clear and convincing evidence that the state court determination that Mr. Curtis' sentence was valid was contrary to, or involved an unreasonable application of clearly

1   established federal law, or resulted in a decision that was based on an

2   unreasonable determination of the facts in light of the evidence

3   presented in the state court proceedings.

4   **C.    Conclusion**

5       For the above-given reasons, **IT IS HEREBY ORDERED:**

6       1.    Mr. Curtis' First Amended Petition Under 28 U.S.C. § 2254 for

7   Writ of Habeas Corpus By a Person in State Custody **(Ct. Rec. 9)** is

8   **DENIED.**

9       2.    Judgment shall be entered in Respondent's favor.

10      3.    This file shall be **CLOSED.**

11      **IT IS SO ORDERED.**  The District Court Executive is directed to enter

12  this Order and provide copies of the Order to Petitioner and counsel.

13      **DATED** this ____11th____ day of September 2008.

14

15                      _____S/ Edward F. Shea_____

16                          EDWARD F. SHEA
                        United States District Judge

17

    Q:\Civil\2007\0315.habeas.2254.wpd

18

19

20

21

22

23

24

25

26

ORDER ~ 8